(52 Misc. Rep. 553)

### GAROFALO v. ROHLEDER.

(Supreme Court, Appellate Term.   February 11, 1907.)

FRAUDS, STATUTE OF—LEASE FOR OVER A YEAR.

A lease for over a year being required to be in writing, testimony that the landlord orally agreed to give a lease for three years is no defense to summary proceedings against the tenant at the end of a year's occupancy, though the landlord gave a written receipt in which he agreed to give a "lease."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 188, 189.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Patrick Garofalo against Henry Rohleder. From a final order for plaintiff, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Harry C. Kayser, for appellant.

Strasbourger, Weil, Eschwege & Schallek, for respondent.

PER CURIAM.   This is an appeal from a final order in summary proceedings removing the defendant tenant.   The latter claims that plaintiff landlord promised to give a written lease for three years, but failed to do so.   The tenant at the end of the first year was called upon to quit the premises, and refused to do so, whereupon these proceedings were brought to dispossess him.   The justice directed a verdict for the landlord, upon the evidence of the latter and the statement of the tenant setting forth what he intended to prove.   The language of the justice is as follows:

"It is conceded that summary proceedings were commenced by the landlord against the tenant in the early part of May, 1906, to remove the tenant for holding over after the expiration of his term on May 1, 1906; that said proceedings were tried before Justice Joseph, and not decided by him, and his time to do so has expired, and in consequence this proceeding was commenced. I hold that this agreement (as to a written lease for three years to be given by the landlord to the tenant), whatever it was, was void; that the statute requires a lease to be in writing where it is over one year; that there was no written lease in this case; that there was only a promise made to execute one in the future; that, whatever agreement there was, it was parol, and void, and cannot be enforced; and that the holding by the tenant expired on the 1st or 2d day of May, 1906, being one year from the time his occupation began. Under these circumstances I direct a verdict in favor of the landlord."

The tenant produced the following receipt, viz.:

"Received from H. Rohleder the sum of $50, being as deposit for store and bakery at 2048 First avenue, providing above said [Rohleder] agrees with Minnie Metzler. if they agree, I undersign, will give lease to above said H. Rohleder.
     "[Signed]                                                  Garofalo."

The tenant claims that he made an agreement to buy out Mrs. Metzler, who was a tenant of the premises in question, and did so, with the understanding that the landlord (Garofalo) would give him (Rohleder) a written lease of the premises held by Mrs. Metzler; that Garofalo refused to carry out his agreement to give the lease, so that Rohleder continued to occupy the premises without any written lease, although

Garofalo kept the $50 paid upon the giving of the above receipt, in addition to the rent paid by Rohleder during his occupancy of the premises. It would seem that Rohleder has a good cause of action to recover his damages by reason of Garofalo's breach of the agreement to give a written lease; but this agreement is no defense in summary proceedings to remove him at the end of one year, as his tenancy was by parol, since no written lease was given, and such tenancy did not extend beyond one year. The mere agreement or promise of Garofalo to give to Rohleder a written lease at a future time, upon his making an agreement with Mrs. Metzler, as evidenced by the receipt, cannot be construed as equivalent to the written lease itself. While some criticism might perhaps be made upon the method of conducting the trial, the learned justice was right in concluding that, upon the answer and the offered evidence of the tenant, the defense interposed was ineffectual.

The final order must be affirmed, with costs.